*Assn.,* 24 AD2d 113, 115, *affd* 19 NY2d 935). In such a setting, constant supervision is neither feasible nor desirable because "[o]ne of the benefits of such an institution is to inculcate self-reliance in the campers which an overly protective supervision would destroy" (*Kosok v Young Men's Christian Assn., supra,* at 115). Although CFO had supervisors at the campfire, Laura told them that she was leaving to look for sticks in the woods; she did not tell them that she was going to climb the tower. Nor is UMC liable for negligent supervision; it had no control over the day-to-day activities of the children attending the camp (*see, Pitkewicz v Boy Scouts,* 261 AD2d 462).

Even assuming, arguendo, that defendants were negligent, we conclude that the reckless conduct of Laura was the sole proximate cause of her injuries (*see, Duclos v County of Monroe, supra; Babcock v County of Oswego, supra,* at 610-611; *de Peña v New York City Tr. Auth.,* 236 AD2d 209, 210, *lv denied* 90 NY2d 808; *Tillmon v New York City Hous. Auth.,* 203 AD2d 19; *Culkin v Parks & Recreation Dept.,* 168 AD2d 912, 913-914, *lv denied* 77 NY2d 806). Laura knew the dangers inherent in climbing the tower and ignored those dangers. Thus, her reckless conduct "was an unforeseeable, superseding event sufficient to absolve defendants of liability" (*Culkin v Parks & Recreation Dept., supra,* at 914). (Appeals from Order of Supreme Court, Steuben County, Furfure, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner and Pigott, Jr., JJ.

■ JOHN CASTER et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 95499.) [700 NYS2d 886] —Order unanimously reversed on the law without costs, motion denied and claim reinstated. Memorandum: The Court of Claims erred in granting defendant's motion for summary judgment dismissing the claim. Defendant failed to present competent evidence refuting the allegations in the claim as amplified by the bill of particulars (*see, Balnys v Town of New Baltimore,* 160 AD2d 1136; *see also, DiPace v Figueroa,* 223 AD2d 949, 951), attributing the accident to "the incline on which the exhibition was set up". Defendant's failure to make a prima facie showing of entitlement to judgment as a matter of law "requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). (Appeal from Order of Court of Claims, Patti, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.

■ HERBERT COX et al., Appellants, v COUNTY OF ALLEGANY et al., Respondents. (Appeal No. 1.) [700 NYS2d 889] —Appeal

unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Allegany County, Himelein, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.

■ HERBERT Cox et al., Appellants, v COUNTY OF ALLEGANY et al., Respondents. (Appeal No. 2.) [701 NYS2d 207] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted those parts of the motion of defendant County of Allegany and cross motion of defendant Town of Friendship seeking summary judgment dismissing the complaint insofar as it alleged negligent removal of snow and ice from County Road 20. Defendants established that neither municipality had prior written notice of a defective condition, and actual or constructive notice is not a substitute for compliance with the prior written notice requirement (*see, Amabile v City of Buffalo,* 93 NY2d 471, 473-474; *Sorrento v Duff,* 261 AD2d 919; *Wisnowski v City of Syracuse,* 213 AD2d 1069).

The court properly granted defendants' motions to reargue the prior motion and cross motion for summary judgment. Defendants had each filed a notice of appeal from the original order. Thus, the motion to reargue " 'did not serve as a substitute for failure to timely take an appeal' ", and defendants moved for reargument within a reasonable time (*Connolly v Toys-R-Us,* 250 AD2d 721, quoting *Bermudez v New York City Hous. Auth.,* 199 AD2d 356, 357). Upon reargument, the court properly dismissed the complaint. The allegations of negligent design and construction of County Road 20 were made for the first time in the bill of particulars. Plaintiffs failed to assert that cause of action in the notice of claim, and the Statute of Limitations had run by the time plaintiffs served the bill of particulars (*see, Chipurnoi v Manhattan & Bronx Surface Tr. Operating Auth.,* 216 AD2d 171, 171-172). (Appeal from Order of Supreme Court, Allegany County, Himelein, J.—Reargument.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.

■ In the Matter of the Estate of MILDRED L. SOUTER, Deceased. DARRYL SOUTER et al., Appellants; WILLIAM SOUTER, Respondent. [701 NYS2d 546] —Decree unanimously affirmed without costs. Memorandum: Mildred L. Souter (decedent) died on September 19, 1996, and her last will and testament dated September 14, 1992 was admitted to probate on May 28, 1997. When she executed her will, decedent had four living children and one child who predeceased her. At the time of her death,